## APPEAL OF C. WILLENBORG & CO., CARL WILLENBORG, HERMAN ZEILLER, AND HENRY L. ERNY.

Docket No. 6334.   Promulgated December 14, 1926.

The evidence is insufficient to show that the Commissioner erred in valuing inventories at cost.

*Carl Willenborg* for the petitioners.
*George G. Witter, Esq.*, for the Commissioner.

This is an appeal from determinations for the fiscal years 1917 to 1921, inclusive, as follows:

| Year ended Nov. 30. | Carl Willenborg. | | Herman Zeiller. | | Henry L. Erny. | |
|---|---|---|---|---|---|---|
| | Deficiency. | Overassessment. | Deficiency. | Overassessment. | Deficiency. | Overassessment. |
| 1917 | $1,846.51 | | $1,327.11 | | $161.90 | |
| 1918 | 1,005.14 | | 882.86 | | 93.72 | |
| 1919 | | $578.62 | 443.02 | | | $46.81 |
| 1920 | 11,782.01 | | 8,553.71 | | 1,646.13 | |
| 1921 | | 3,089.15 | | $3,004.70 | | 830.16 |

Only so much of the deficiencies as result from the Commissioner's adjustment of the partnership inventories is in controversy.

### FINDINGS OF FACT.

C. Willenborg & Co. is a partnership with place of business at New York, N. Y., where it is engaged in selling ladies' dress trimmings. Carl Willenborg, Herman Zeiller, and Henry L. Erny were members of the partnership of C. Willenborg & Co.

The partnership's inventories for all of the years under consideration consisted of miscellaneous and sundry items for trimming ladies' dresses. Most of the merchandise was seasonable and adapted to current fashions in ladies' dress wear; some of it was obsolete.

The inventories for the years under consideration were consistently valued at cost, and the cost of goods sold for each year was determined upon the basis of inventories so valued.

At each inventory date each item appearing in the inventory was separately examined and valued by the members of the firm. In the case of obsolete merchandise, some of which had been accumulated and held for periods of time ranging from four to fourteen years, there was no purchase or. selling market to guide the partners in valuing this class of goods. The value which they placed upon each item in the inventory represented their opinion of its fair value based upon years of experience in dealing in merchandise of this character.

The difference between the cost of merchandise and the value placed upon it by the members at each inventory date was credited to a reserve account. If the reserve account showed an increase for the year the amount thereof was deducted from gross income as depreciation of merchandise; on the other hand, if the reserve account showed a decrease for the year, the amount thereof was added to gross income, or otherwise accounted for as income, as appreciation of merchandise. As a result of this practice, there were deducted from or added to gross income, in each of the years under consideration, the following amounts:

| Year. | Deducted from gross income. | Added to gross income. |
|---|---|---|
| 1917 | | $1,722.29 |
| 1918 | $15,097.85 | |
| 1919 | | 4,244.42 |
| 1920 | 91,725.20 | |
| 1921 | | 112,546.97 |

This method of computing net income has been consistently followed by the partnership since its organization in 1891.

The Commissioner recomputed the net income of the partnership, for each of the years under consideration, upon the basis of inventories valued at cost and without any deduction therefrom or addition thereto on account of depreciation or appreciation, as the case might be, of merchandise, represented by the increase or decrease in the reserve account. This action of the Commissioner resulted in an increase in the partnership net income, for the years 1918 and 1920, in the amounts of $15,097.85 and $91,725.20, respectively, and a decrease in the partnership net income, for the years 1917, 1919, and 1921, in the amounts of $1,722.29, $4,244.42, and $112,546.97, respectively. The Commissioner determined the amount of each partner's distributive share in the partnership net income upon the basis of the partnership net income for each year as adjusted by him.

OPINION.

LITTLETON: The Commissioner determined overassessments for the years 1919 and 1921, in the cases of Carl Willenborg and Henry L. Erny, and for the year 1921, in the case of Herman Zeiller. Upon authority of the decisions of this Board in the *Appeals of Cornelius Cotton Mills*, 4 B. T. A. 255, and *R. P. Hazzard Co.*, 4 B. T. A. 150, the Board is without jurisdiction to make redetermination in those years.

The issue is whether the method of handling inventories on the partnership books, considering the basis of valuation and the function of the inventory reserve account, was such that the books clearly reflected the partnership net income. The petitioner, relying entirely upon the decision of this Board in the *Appeal of The Buss Co.*, 2 B. T. A. 266, maintains that its methods having been long established and uniformly and consistently followed, ought not to be disturbed. On the other hand, the Commissioner contends that the effect of the treatment accorded the inventories on the partnership books was to value the inventories upon a basis which was neither cost, nor cost or market, whichever was lower, and which is not sanctioned by statute.

The partnership's inventories were valued consistently, during the years under consideration, upon the basis of cost. All items in the inventory were valued upon the same basis, whether seasonable or obsolete. The cost of goods sold was computed upon the basis of inventories so valued. Each item in the inventory was separately examined at each inventory date, and its value fixed by the partners in accordance with their best judgment. An inventory reserve was established in which there was recorded, at the end of each account-

ing period, the difference between the cost of the merchandise inventory and the value placed thereon by the partners. If the reserve account showed an increase for the year, the amount thereof was deducted from gross income as depreciation of merchandise; on the other hand, if the reserve account showed a decrease for the year, the amount thereof was added to income as appreciation of merchandise. The result of this method of valuing the inventories and computing net income was the same which would have obtained had the partnership valued its inventories, in the first instance, upon the basis of the partners' estimated value, and determined the cost of goods sold upon the basis of inventories so valued. Such being the case, and since we are not so much concerned with the methods employed as with the results obtained thereby, our decision must turn on whether or not the basis of inventory valuation resulting from the methods of accounting employed is a valid basis.

Section 203 of the Revenue Acts of 1918 and 1921 provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Under this provision of the statute, a taxpayer has the right to value its inventories upon any basis, and there are several which are sanctioned under approved standard methods of accounting, which it chooses, provided that it is one of those which the Commissioner " may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting income." The statutes do not limit a taxpayer to the two bases of cost, or cost or market, whichever is lower, and we do not understand the Commissioner's regulations to impose any such restriction. On the other hand, the Commissioner's regulations require that, as a requisite to its use, the basis must conform with but two conditions, namely: "(1) It must conform as nearly as may be to the best accounting practice in the trade or business, and (2) it must clearly reflect the income." (See art. 1582 of Regulations 62.)

Whether the basis adopted by the partnership for the valuation of its inventories meets the test laid down by the statute, we are unable to determine. All that the evidence tells us is that the values placed upon the inventories represented the partners' best judgment as to their values based upon their experience in dealing in the class of merchandise of which the inventories consisted. We do not know, however, whether those estimates of values in any case exceeded the cost or whether they in any case represented market values. Fur-

thermore, we have not been advised as to whether the method of valuation used by the partnership conforms as nearly as may be to the best accounting practice in the trade or business in which the partnership is engaged. Clearly, to the extent that the appreciation in the value of the inventory in any case exceeds the cost or the market at the date the inventory is taken, it does not reflect the income of that year, inasmuch as an appreciation has been included in income which has not been realized and such appreciation in value reduces the income of the succeeding year. Without this knowledge we can hardly be expected to adopt the basis used in valuing the partnership's inventories as a substitute for the Commissioner's basis of cost.

While consistency in the matter of taking the inventory is much to be desired and is to be given great weight, it alone is not sufficient to entitle the taxpayer to value its inventories for income-tax purposes upon such consistent basis. Where proof that the basis of valuing the inventory clearly reflected income is lacking, but little weight can be given to consistency.

*Judgment will be entered for the Commissioner.*